IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERYME MORGAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NURSE PRACTITIONER LUKIN,<br>DENTIST TRAN, and<br>WEXFORD HEALTH SOURCES, INC.,<br><br>　　　　Defendants. | Case No. 25-cv-74-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　Plaintiff Jeryme Morgan, an inmate of the Illinois Department of Corrections who is currently incarcerated at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. Morgan's Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim, but he was granted leave to file an amended pleading. In the Amended Complaint (Doc. 10), Morgan alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

　　This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Between November and December 2022, Morgan complained to Nurse Practitioner Lukin about excruciating pain associated with his temporomandibular joints ("TMJ"), back, neck, and shoulder (Doc. 11, p. 7). He asked for treatment for his pain, but she told Morgan he would have to speak to the dentist (*Id.*). He also asked for an MRI of his shoulder, neck, and back, but Lukin denied his request (*Id.*). He continued to request treatment, including an MRI, for his pain from Lukin. At some unknown point, Lukin finally approved his request for an MRI (*Id.*). It is not clear from the pleadings when the MRI occurred. Morgan's attached grievance, dated July 7, 2023, indicates that he received the results of the MRI a week prior to his grievance (*Id.* at p. 22). He also notes in the grievance that he was diagnosed with a herniated disc (*Id.*). On January 10, 2024, Morgan had surgery on his neck and received a plate, artificial disc, and four screws (*Id.* at p. 7). Morgan alleges that it took two years from his first complaints to receive surgery.

As to his TMJ pain, Morgan alleges that on November 9, 2022, he saw Dr. Tran for the pain and to be fitted for a nightguard (Doc. 11, p. 8). Although he also complained about back, neck, and shoulder pain, Dr. Tran referred him back to Lukin and prescribed him Motrin and/or Tylenol (*Id.*). Morgan informed Dr. Tran that the Motrin and Tylenol were not enough to control his pain, but Dr. Tran refused to provide any additional pain relief (*Id.*). Morgan also asked to receive treatment that was originally recommended by an offsite specialist at UIC in June 2022 (*Id.*). Although Morgan's statement of claim fails

to provide any factual allegations regarding his initial visit with the specialist at UIC, his attached grievances indicate that he was previously referred to an oral surgeon in June 2022 (*Id*. at p. 20). The oral surgeon recommended that Morgan be evaluated for possible surgery for his TMJ pain (*Id*.). After being referred back to Lukin, Morgan alleges that Lukin referred him back to Dr. Tran for his TMJ pain (*Id*. at p. 8). Morgan alleges that after submitting several grievances and sick-call requests, he received a referral to the UIC specialist. The attached grievances indicate that Dr. Tran submitted a referral after speaking with the specialist in January 2023 (*Id*. at p. 20). Dr. Tran submitted a referral for a follow-up with the oral surgeon on January 24, 2023 (*Id*. at pp. 7, 20). As of April 2025, however, Morgan alleges that he has not received an appointment for the specialist (*Id*. at p. 8).

Morgan also alleges that delays in his medical care were caused by the policies and practices of Wexford Health Sources, Inc. (Doc. 11, pp. 7-8). Specifically, Morgan alleges that Wexford had a policy of only storing medical records on paper (*Id*. at p. 7). He maintains that the paper record system causes delays because his records from his June 2022 appointment with the specialist were lost, as were other reports and records regarding his TMJ pain (*Id*.). He alleges that delays in scheduling his follow-up appointment with the specialist were caused by this faulty records system (*Id*.). Morgan also alleges that Wexford delegates supervision of its dentists to the dentists themselves, and there are no officials overseeing the dentists or the care they provide (*Id*. at p. 8). Morgan alleges this is a violation of Wexford's own contract with the prison. He alleges

that Dr. Tran avoided providing Morgan with care, and Wexford failed to catch the delays because no one was overseeing Dr. Tran's care (*Id.*).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Nurse Practitioner Lukin for denying and/or delaying care for Morgan's neck and shoulder pain.
>
> **Count 2:** Eighth Amendment deliberate indifference to medical needs claim against Dr. Tran for denying and/or delaying care for Morgan's TMJ pain.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for having policies and practices that delayed care for Morgan's pain including: paper record keeping policies that resulted in lost records and lack of oversight of the care being performed by its dentists.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] This includes any due process claim under the Fourteenth Amendment because Morgan fails to indicate how his medical care violated his right to due process. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Morgan fails to state a claim against Nurse Practitioner Lukin. A delay in treatment can amount to deliberate indifference if the "delay exacerbated the injury or unnecessarily prolonged an inmate's pain." See *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). But Morgan fails to provide any facts to suggest that Lukin delayed his treatment. Although he alleges that she denied his request for an MRI and further treatment, his pleading indicates that he spoke to Lukin in either November or December 2022 and received his MRI sometime prior to July 2023. Morgan fails to allege when Lukin placed a referral for his MRI and when he actually received an MRI. He alleges he requested an MRI on multiple occasions, but he fails to allege when he made those requests and Lukin's response, if any. Without pertinent factual allegations regarding Lukin's treatment of Morgan, he fails to adequately allege a deliberate indifference claim. Thus, Count 1 will be dismissed.

Morgan does, however, state a viable claim against Dr. Tran for the delays in his dental care. He alleges that Dr. Tran submitted a referral but never actually scheduled an appointment with the oral surgeon for further evaluation of his TMJ pain. Morgan further alleges that Dr. Tran denied his request for more effective pain medication. Thus, Count 2 shall proceed against Dr. Tran.

Morgan also states a viable claim against Wexford for its policies and practices that led to delays in his dental care. Thus, Count 3 shall proceed against Wexford.

## Disposition

For the reasons stated above, Count 2 shall proceed against Dr. Tran, and Count 3 shall proceed against Wexford Health Sources, Inc. Count 1 against Nurse Practitioner Lukin is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Dr. Tran and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Morgan. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Morgan, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section

1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Morgan's claims involve his medical and dental care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Morgan, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Morgan is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  June 9, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**