IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERYME MORGAN,

      **Plaintiff,**

v.                                                          Case No. 3:25-CV-00074-NJR

WEXFORD HEALTH SOURCES, INC.,
and QUANG TRAN,

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion to Recruit an Expert and Stenographer filed by Plaintiff Jeryme Morgan. (Doc. 60). Morgan asserts that he needs to consult with an expert before deposing the providers who treated his temporomandibular joint pain, and whose treatment decisions underlie his claims of deliberate indifference under the Eighth Amendment in this action. *See* (Doc. 12 (Order for Service of Process)). As such, he seeks Court funding to secure such an expert and a stenographer for the depositions.

After careful consideration of Morgan's request, the Court declines to appoint an expert witness. Under Section 2.6 of the Plan for the Administration of the District Court Fund, *pro bono* counsel can be reimbursed for out-of-pocket expenses up to $5,000 (as funds are available). But Section 2.15 provides that the District Court Fund may also be used for "[a]ny other purpose for which appropriated funds may not legally be used that will benefit the bench and the bar in the administration of justice."

Even if retention of an expert witness for an indigent litigant fits into this category,

these funds are limited, and the Court cannot authorize open-ended and potentially costly disbursements, especially without concrete details. Here, Morgan does not identify the associated costs for his potential expert, nor has he detailed his efforts to secure a *pro bono* expert on his own. Indeed, Morgan does not even identify the type of expert he needs; he apparently leaves it to the Court to make such a determination for him. His motion is one page long and, like many motions he has filed in the past, offers only conclusory assertions regarding his need for outside assistance. That is not enough to justify the imposition of expert costs on the Court. *See Williams v. Lomen*, 81 F. App'x 871, 873 (7th Cir. 2003) ("Although a prisoner must be given meaningful access to the courts … there exists no right to have one's adversary, or the public treasury, defray all or part of the cost of litigation.").

For these reasons, the Motion to Recruit an Expert and Stenographer filed by Plaintiff Jeryme Morgan (Doc. 60) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  July 16, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**